Matter of the Estate of Maunsell B. Field, Deceased.

(Surrogate's Court, New York County, February, 1921.)

*Wills — contested probate — executors and administrators — settlement agreement — infants — power of special guardian to enter into an agreement — Personal Property Law, § 24 — Code Civ. Pro. § 2683.*

Proceedings upon the probate of a will.

Arthur W. Clement, for Kings County Trust Company.

Frank B. Washburn, special guardian for Margaret J. Brehm, infant.

COHALAN, S. This is an application by the Kings County Trust Company, as the executor designated in a will that is being contested, for the approval by the court of a proposed compromise agreement, and for the authorization of the special guardians for infant parties and the Kings County Trust Company to join in said proposed agreement. The application is entitled in the pending probate proceeding, and the only petitioner is the proponent above named. There is no authority for this court to authorize the petitioner to enter into a settlement agreement. The statute permits an executor to make such an application. Code Civ. Pro., § 2683. A person designated as executor in a will, as well as all other competent adult parties, have full power to compromise their interests in a pending litigation. A special guardian cannot bind an infant in such a compromise agreement unless he secures the sanction of the court. The usual practice in such cases is for the special guardian to sign the agreement subject to approval by the court, and then to apply for such approval. In this application the special guardians have not made such a request. The only applicant is the proponent of the will.

There is a statute (Laws of 1919, chap. 419, Pers. Prop. Law, § 24) which authorizes an order of the surrogate making such a compromise binding on all parties in interest. Under this statute a person designated executor may, during the pendency of a will contest, present a petition as therein provided, but the agreement of compromise must be first signed by all adult parties in interest. Provision is made for

the appointment of special guardians for infants, lunatics, unknown persons, persons not in being, etc., so that an agreement in writing pursuant to this section may be made valid and binding upon all such interests, if found by the court to be just and reasonable.

As this application does not conform to the practice first alluded to herein, or to the provisions of section 24 of the Personal Property Law, it must be denied, but without prejudice to a renewal by the proper party or parties upon proper papers.

Decreed accordingly.